UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. ALVAREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>T. MCKEAN,<br><br>        Defendant. | No. 2:24-cv-2062 CKD P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Having conducted the required screening, the court finds that plaintiff may proceed on a claim arising under the Eighth Amendment for excessive use of force against defendant McKean. At this point, plaintiff has two options: proceed on the claim identified above or file an amended complaint in an attempt to cure deficiencies with respect to the other claims.

If plaintiff chooses to proceed on the claim described above, the court will construe this as a request to voluntarily dismiss the additional claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

With respect to plaintiff's other claims and assertions, plaintiff is informed as follows:

1. Generally speaking, "an unauthorized intentional deprivation of property by a state employee" does not amount to a claim for relief under federal law. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff's remedy generally lies under state law.

2. Verbal harassment generally does not violate the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS HEREY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the claim described herein.  In the alternative, plaintiff may choose to file an amended complaint to fix the deficiencies identified in this order with respect to the remaining claims.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file an amended complaint.

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claim identified above.

Dated:  August 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
alva2062.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. ALVAREZ,<br><br>　　Plaintiff,<br><br>v.<br><br>T. MCKEAN,<br><br>　　Defendant | No. 2:24-cv-2062 CKD P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_ 1. Plaintiff wishes to proceed on a claim arising under the Eighth Amendment for excessive use of force against defendant McKean; or

\_\_\_\_\_ 2. Plaintiff wants time to file a first amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

4